IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID PAIZ JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-212-Z-BR |
| | § | |
| CASEY PADILLA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS § 1983 CLAIM**

By order to replead signed March 24, 2023, the undersigned ordered Plaintiff, David Paiz Jones, to file an amended complaint to specifically allege facts supporting his claims against each Defendant named in this action. (ECF 16). Plaintiff filed his amended complaint, which is titled "Summary." (ECF 19). In response to a service order, Defendants KC Padilla (misnamed as "Casey Padilla" by Plaintiff), Joseph Garcia, "Unidentified Female Officer," "Police Officer John Doe," and "Officer John Doe[1]" have filed a motion to dismiss (ECF 22) and a motion to conform Court's docket (ECF 24). Plaintiff has failed to respond to the motions, which are ripe for ruling.

MOTION TO CONFORM DOCKET

As Defendants note in their motion to conform Court's docket, the undersigned allowed service on them only, determining that Plaintiff had not pleaded sufficient facts to state claims against any other persons. (ECF 24 at 2; ECF 20 at 1). In addition, Plaintiff substituted Officer Olivas in the place of Eric Fuentes when he filed his amended complaint. (*Id.* at 3). And, it appears that Plaintiff is no longer asserting official capacity claims. (*Id.* at 3–4). Accordingly, the motion

---

[1] Defendants say that although Plaintiff identified "Officer Olivas [or Olivias]" as a defendant, there was no employee by that name at the time. Therefore, they are responding on behalf of "Officer John Doe." (ECF 22 at 1).

to conform docket should be GRANTED and the claims against Defendant FNU LNU #2 Parmer County Chief or Superintendent and Eric Fuentes and all official capacity claims should be dismissed.

## MOTION TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible

claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *Id.* at 528–29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8. *Iqbal*, 556 U.S. at 676; *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005).

Pursuant to the doctrine set forth in *Heck v. Humphrey*, a court cannot entertain an action under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence. 512 U.S. 477, 486–87 (1994). A complaint fails to state a claim where it demands relief barred by *Heck*. *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

Here, as Defendants have shown through copies of certified court records of which the Court may take judicial notice, Plaintiff was convicted of assaulting the officers involved in the two incidents the subject of his complaint. (ECF 22, Exs. A & B). Because his claims that he was subjected to unconstitutional excessive force would necessarily imply the invalidity of those convictions, the claims are barred by *Heck*. *See, e.g.*, *Goodeau v. Burgess*, No. 2:20-CV-200-Z, 2023 WL 4304763 (N.D. Tex. June 30, 2023).

Even if the claims were not barred by *Heck*, and they are, Plaintiff has not shown that Defendants are not entitled to qualified immunity, as is his burden. *Poullard v. Jones*, 596 F. Supp. 3d 729, 735 (N.D. Tex. 2022). To overcome qualified immunity, a plaintiff must demonstrate that the defendant violated his constitutional rights and that the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016). As the Fifth Circuit has noted, the crucial question in a case like this is "whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 . . . and would overcome their qualified immunity defense." *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021).

In this case, Plaintiff admits with regard to the November 7, 2020 incident that he struck Officer Garcia in the face, causing him to fall down, then Plaintiff ran down the hall where he got into a wrestling match with Officer Padilla, which led to him being restrained. (ECF 19 at 1). With regard to the November 16, 2020 incident, Plaintiff admits that he was acting out in a charge when

4

he was restrained. (*Id.* at 3). In situations like these, where the inmate is the aggressor or has refused to comply with orders, the response of jailers is reviewed more leniently and courts are less likely to find that the qualified immunity defense has been overcome. *See Holm v. Sassenhagen*, No. 21-50074, 2022 WL 3711177, at *3 (5th Cir. Aug. 26, 2022); *Tennyson v. Villareal*, 801 F. App'x 295, 296 (5th Cir. 2020); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011). That is the case here, where Defendants acted reasonably in response to Plaintiff's actions. Moreover, Plaintiff has only pleaded *de minimis* injuries, which are insufficient to support a § 1983 claim. *Templeton v. Jarmillo*, 28 F.4th 618, 623 (5th Cir. 2022); *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that (1) the motion to conform docket be GRANTED; (2) the motion to dismiss for failure to state a claim be GRANTED, and (3) the amended complaint (ECF 19) filed by Plaintiff be DISMISSED.

It is the recommendation of the undersigned that the complaint filed by Plaintiff be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This recommendation is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 16, 2023.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).